VAN KEMSEKE *v.* VAN KEMSEKE.

1. DIVORCE—EXTREME CRUELTY.

> Where, in wife's suit for divorce, her charges of extreme cruelty were not sustained, but evidence shows that she was guilty of extreme cruelty, husband is entitled to decree on his cross-bill, although he was not altogether blameless.

2. SAME—DIVISION OF PROPERTY.

> On granting decree of divorce to husband on his cross-bill, on ground of extreme cruelty, wife should be given at least one-half of property owned by them as tenants by entireties, where it represented her labor and savings as well as those of husband.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 16, 1929. (Docket No. 122, Calendar No. 34,642.) Decided December 4, 1929.

Bill by Marie Van Kemseke against Remi Van Kemseke for divorce. Defendant filed a cross-bill for divorce. From a decree dismissing both bill and cross-bill, defendant appeals. Reversed, and decree entered for defendant.

*Savery, McKenzie & Hamilton,* for appellant.

BUTZEL, J. Plaintiff filed a bill for separate maintenance and support against her husband, the defendant herein. The bill alleges that defendant was guilty of extreme cruelty in that he displayed a vile and ungovernable temper; in that he called her loathsome names in the presence of their daughter and friends; in that he was miserly and did not provide plaintiff with necessary clothing or the simple comforts of life, or with the cheapest forms of entertainment; in that he had not bought any new clothes

for himself since his marriage to plaintiff in Belgium some 21 years previous; and in that plaintiff herself had been compelled to work during a large part of her married life. The bill alleges that plaintiff had by her work and savings contributed to the accumulation of numerous parcels of real estate and land contracts, all of which, with the exception of one small parcel hereinafter referred to, were held in their joint names.

Defendant in his answer categorically denied plaintiff's charges, and in a cross-bill sought an absolute divorce. He also charged plaintiff with extreme cruelty, in that she had an ungovernable temper; in that she had repeatedly struck defendant, one time cutting his head open with a saltcellar which she threw at him, and several times she attacked him with kitchen knives, one time cutting his shirt and shoulder before she could be stopped; in that she had frequently blackened his eyes, had refused to cohabit with him and cook meals for him for long periods at a time.

Plaintiff subsequently amended her bill of complaint and asked for an absolute divorce. After the suit had been begun, efforts for a reconciliation or a division of the property failed.

The testimony shows that the parties were hardworking and thrifty Belgians, who had migrated to this country approximately 21 years prior to the beginning of this suit. Defendant was a blacksmith and worked hard at his trade or at such other jobs as he could get, notwithstanding a physical infirmity. He worked almost continuously during his married life. For a time when he was incapacitated on account of illness and during other long periods, plaintiff had also worked. She assisted at confinements, took in washing, and went out by the day to

do housework. There is no question but that both parties worked hard and industriously, and their accumulation of property is the result of their joint efforts and savings. All the property stands in their joint names, with the exception of one lot, which plaintiff is acquiring in her own name in order to give their 16-year old daughter a dowry upon her marriage. Defendant complained about this, and it only added to their differences.

Plaintiff failed to establish her charges by sufficient evidence so as to satisfy the trial court that she was entitled to the relief prayed for. A careful reading of the record shows that while defendant gave her much provocation, and particularly in his refusal to purchase clothes so as to be presentable in the society plaintiff wished to go in, nevertheless, there is no such cruelty on the part of defendant shown by the record as to entitle plaintiff to a decree of divorce. Plaintiff's more serious charges against defendant were shown only by her own testimony; there was no corroborative proof given. On the other hand, plaintiff in her own testimony not only negatived many of her charges against defendant, but also in a large part admitted and proved serious charges set forth in defendant's cross-bill. She substantiated the charges of cruelty made by him. She admitted that she had refused to perform housework; had thrown a saltcellar at defendant so that his head was cut open; had attacked him with a knife; had ceased to love him for four years; had refused to cohabit with him; and on further questioning said she "didn't want him any more." When asked for the reason, she said she was "tired of him, that was all."

It is needless to go into the sordid details of a very unhappy association. Police aid was invoked a num-

ber of times when the disturbances became violent. Plaintiff showed on the witness stand that she was of a quarrelsome disposition, and while defendant was not free from blame, and there is much to criticize in defendant's conduct, nevertheless, plaintiff was not justified in her actions. She was guilty of extreme cruelty. The remarks of both the trial judge and counsel show that defendant gave his testimony either in such a low voice or in such an incomprehensible manner that the trial court stated during the hearing that he had not understood one-half of what defendant had said. Evidently, the stenographer, who was near the witness, was able to correctly report the testimony. It is fully set out in the record. The parties came near settling their property differences, but were not able to reach an agreement.

The court dismissed both the bill of complaint as amended and defendant's cross-bill. This was error. Plaintiff failed to prove her charges. Defendant, with plaintiff's assistance, proved his charges as cross-plaintiff. The fact that defendant provoked some of plaintiff's wrongful conduct only to a slight degree justified plaintiff's actions. Were the parties almost equally to blame, the trial court would have been correct in his conclusions. We find, however, that defendant as cross-plaintiff has proven his charges of extreme cruelty against plaintiff. Plaintiff has failed to prove her charges. Defendant is entitled to a decree of divorce on his cross-bill.

Somewhat similar situations have presented themselves to this court before. In the case of *Rieden* v. *Rieden,* 206 Mich. 550, the court held as follows:

"The evidence tends clearly to show that the defendant is a woman of violent passion, and that she was guilty of many acts of personal violence and

neglect of wifely duty in her conduct toward the plaintiff. There would be no profit in here setting forth that testimony. It is sufficient to say that it shows such a condition of ill-will, if not hatred, between the parties that there is no hope of reconciliation; and we agree with the conclusion reached by the circuit judge, that a decree of divorce should be granted in the case. As this court said in *Utley* v. *Utley,* 155 Mich. at page 259: 'We are impressed that the parties should be relieved entirely of the relations entered upon with their marriage.' "

In the case of *Tiffin* v. *Tiffin,* 209 Mich. 232, the lower court held that the parties were equally to blame and refused a divorce. This court, after reviewing the testimony, reversed the decision of the lower court, and granted a decree of divorce to the plaintiff. The court stated as follows:

"We recognize the rule that this court ought not to lightly reverse a decree, where the chancellor has seen and heard the witnesses, and has had the advantage of determining their credibility; nevertheless we are not thereby relieved of the duty of exercising our own judgment in passing upon the evidence in the case.

"A careful consideration of the evidence has led us to differ from the opinion of the trial court that the parties are equally to blame. The extravagant charges contained in defendant's cross-bill (plaintiff's bill) have not been supported by any testimony save his (her) own, in many important instances. By this we do not mean to hold that under the testimony the plaintiff (defendant) has been entirely blameless. That she has been imprudent appears by her own cross-examination. That the defendant (plaintiff) has been guilty of repeated acts of personal violence, amounting to extreme cruelty, is undisputed."

The last-quoted language would almost fit the present case at issue were we to interpose plaintiff for defendant.

Plaintiff's counsel stated in his oral argument that defendant was willing to make a fair division of the property so that plaintiff would receive approximately 60 per cent. thereof. If that is true, there should not be any difficulty in arriving at a property settlement. Plaintiff should receive at least one-half of it, as it represents her labor and savings as well as that of defendant.

Error is claimed, in that the proceeds from joint property, which were paid to the friend of the court during the period the case was pending to await the outcome of the case, were ordered to be distributed equally between the parties. It is unnecessary to discuss this claim of error, inasmuch as all of the property will now be divided.

The case is reversed, with costs to defendant as cross-plaintiff.

A decree of divorce is granted in favor of defendant as cross-plaintiff, against plaintiff as cross-defendant. The case is remanded to the lower court with instructions to make a fair division of the property between the parties.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.