MASON v. MASON.

1. DIVORCE—EVIDENCE.
   In wife's suit for limited divorce on grounds of extreme cruelty record justified trial judge's conclusion that while plaintiff's conduct, alleged to be subversive of the marital relation, justified granting absolute decree to defendant on his cross bill, his conduct was not such as to preclude granting a divorce to him.

2. SAME—17-YEAR-OLD CHILD—CHOICE AS TO CUSTODY.
   A child 17 years of age is at liberty to choose with which of her parents being divorced she shall remain.

3. SAME—CUSTODY OF CHILDREN—FITNESS OF PARENT.
    The fact that wife was guilty of conduct justifying the grant-
    ing of a decree of divorce against her does not necessarily
    establish her unfitness to properly care for her children in a
    suitable home.

4. SAME—CUSTODY OF CHILDREN—DISCRETION OF COURT.
    A trial court is vested with a large measure of discretion in
    dealing with the custody of children in divorce cases.

5. SAME—CUSTODY OF CHILDREN—EVIDENCE—FINDINGS OF COURT.
    Since the trial court has the important advantage, of seeing the
    parties to a suit for divorce and hearing them testify, the
    Supreme Court is not disposed to disagree with his conclusion
    to award custody of two daughters to mother notwithstanding
    husband was given decree of absolute divorce on his cross
    bill, especially where permanency of home husband stated he
    would provide is not shown.

6. SAME—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES.
    If a change of circumstances so requires, a decree of divorce
    may be altered in such a manner as will best serve the wel-
    fare of a young child (3 Comp. Laws 1929, § 12739).

Appeal from Wayne; Marschner (Adolph F.), J.
Submitted January 10, 1947. (Docket No. 67, Cal-
endar No. 43,400.) Decided April 8, 1947.

Bill by Virginia M. Mason against Nelson Mason
for divorce on grounds of extreme and repeated
cruelty. Cross bill by defendant against plaintiff
for divorce on same grounds. Decree for defend-
ant on cross bill which gave custody of children to
plaintiff. Defendant appeals. Affirmed.

*Ellmann & Rosin* (*Erwin B. Ellmann*, of counsel),
for plaintiff.

*Colin J. McRae*, for defendant.

CARR, C. J. The parties to this case were married
in December, 1926. On January 28, 1943, plaintiff
filed a bill of complaint in circuit court asking for a

limited divorce on grounds of extreme and repeated cruelty. Defendant filed an answer and also a cross-bill, charging plaintiff and cross-defendant with acts subversive of the marital relation. The case was tried in December, 1944, and decree entered March 19, 1945. By the terms of said decree defendant and cross-plaintiff was granted an absolute divorce, disposition of the property interests of the parties was made, and the custody of the two daughters of plaintiff and defendant was given to plaintiff until each child reached the age of 17, or until the further order of the court. Defendant and cross-plaintiff was required to pay $7 a week for the support of each child, and also to pay all sums previously accruing under the terms of a temporary alimony order.

Defendant and cross-plaintiff has appealed from that part of the decree relating to the custody of the children. It is his claim, in substance, that the court having found plaintiff and cross-defendant guilty of such conduct as justified the granting of a decree of divorce on the cross-bill, the conclusion necessarily follows that she must be considered an unfit person to have the custody of the children. On behalf of plaintiff and cross-defendant it is insisted that the children are being properly cared for in a suitable home, and that under all the circumstances of the case the decree entered was for the best interests of the children.

The trial court found that defendant and cross-plaintiff had by his conduct contributed, to some extent at least, to the unfortunate situation found to exist at the time of the trial. It was his conclusion, however, that the conduct of plaintiff and cross-defendant justified the granting of a decree against her, insofar as the divorce was concerned, and that defendant's conduct was not such as to

preclude granting a divorce to him. We think the record fully justifies the conclusions reached by the trial judge in this regard.

On the same date that the record in the case was certified by the trial judge, March 19, 1946, the parties entered into and filed a stipulation reciting that "the property rights of said parties have been fully settled since the entry of the decree herein, and that the same is not involved in the appeal taken in this cause." The specific question at issue before this Court on the appeal concerns the custody of the younger child of the parties. It may be noted in this connection that the older daughter is now 17 years of age and is, in consequence, at liberty to choose with which parent she shall remain.

At the time of the trial both children were with the plaintiff in the home of plaintiff's parents where they had resided for a period of approximately 9 or 10 months. The testimony indicated that this home was a suitable and proper place for the children, and that they were receiving proper care and supervision. Defendant and cross-plaintiff testified that if the custody of the children were awarded to him, his sister, then living in a western State, would come to Michigan to care for them. The record does not disclose, however, the degree of permanency of such possible care. The trial court obviously concluded that it would not be for the best interests of the children to remove them from the home where they were at the time of the trial and turn their custody over to defendant and cross-plaintiff under the tentative plan proposed for their care. The fact that plaintiff and cross-defendant was guilty of conduct justifying the granting of a decree of divorce against her does not necessarily establish her unfitness to properly care for her children in a suitable home. *Rieden* v. *Rieden,* 206 Mich. 550. It is

a recognized principle applicable in cases of this character, that a trial court is vested with a large measure of discretion in dealing with the custody of children in divorce cases. *Joslyn* v. *Ohlmacher,* 229 Mich. 181; *Brookhouse* v. *Brookhouse,* 286 Mich. 151. See, also, *Davis* v. *Davis,* 296 Mich. 711, where it was said:

"The trial court had the important advantage of seeing the parties and hearing them testify. We are not disposed to disagree with his conclusion."

On the record before us we are impressed that the trial court reached the correct conclusion and that, in consequence, the provision of the decree giving the custody of the children to the mother should not be disturbed. If a change in circumstances so requires, the decree may be altered in such manner as will best serve the welfare of the younger child. 3 Comp. Laws 1929, § 12739 (Stat. Ann. § 25.97). For the present, we think she should remain in the custody fixed by the decree. Any other conclusion might bring about the separation of these two sisters, a result that should be avoided if possible.

The decree of the trial court is affirmed, with costs to appellee.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.