### BUZYNSKI *v.* BUZYNSKI.

**1.** DIVORCE—TENDER OF PROPOSED DECREE—COURT RULES.

Court rule requirement that decree fee be deposited with clerk of the court and proposed decree tendered to the judge before proofs should be taken in *pro confesso* divorce cases does not apply to cases that are not *pro confesso*, hence, failure to tender proposed decree until after case was tried on wife's cross-bill was not an irregularity in the procedure that voided the decree (Court Rule No 51, § 4 [1945]).

**2.** SAME—HEARING—REPORT OF FRIEND OF THE COURT.

Defendant wife in suit for divorce suffered no injury or injustice by reason of the fact that hearing was had before report of the friend of the court was filed, where decree was not entered until after the report was filed and then only after a hearing on the motion to settle the decree (16th Judicial Circuit Court Rule No 14.14).

**3.** SAME—PROCEDURAL IRREGULARITIES—WAIVER.

Defendant wife who chose to put in her proofs on the cross-bill and take a decree of divorce *held*, to have waived prior procedural irregularities (Court Rule No 51, § 4 [1945]; 16th Judicial Circuit Court Rule No 14.14).

**4.** SAME—PROPERTY SETTLEMENT—CONSENT—FRAUD—AMBIGUITY.

Property settlement provisions in decree of divorce which is plain and unambiguous and consented to in open court will not be set aside by the Supreme Court in the absence of fraud, necessity for clarification, or ambiguity.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 458 *et seq.*
[2] 17 Am Jur, Divorce and Separation § 370 *et seq.*
[3] 17 Am Jur, Divorce and Separation §§ 362–366.
[4] 17A Am Jur, Divorce and Separation § 883 *et seq.*

Appeal from Macomb; Deneweth, Jr. (George R.), J. Submitted January 9, 1963. (Calendar No. 20, Docket No. 49,665.) Decided February 6, 1963.

Bill by John Buzynski against Stella Buzynski for divorce, with cross-bill on ground of extreme and repeated cruelty. Property settlement stipulated on record. Decree for cross-defendant entered over protest of irregularity. Defendant appeals. Affirmed.

*Marie Coy,* for plaintiff.

*Joseph E. Mihelich* and *Robert P. Dank,* for defendant.

OTIS M. SMITH, J. The parties were married January 24, 1943. During the course of the marriage, 3 children were born. On September 6, 1960, the husband filed for divorce. Thereafter, the wife filed answer and a cross-bill. The matter was brought on for trial October 4, 1961. When the case was called, it was indicated that a property settlement had been reached amicably and that plaintiff would offer no proof on his bill. Appellant's attorney dictated a property settlement on the record which had the approval of appellee and the express confirmation on the record by appellant personally. Before proofs were taken on appellant's cross-bill the court called attention to the absence of the report of the friend of the court. However, proofs were offered on the cross-bill. After hearing the testimony, the court entered a finding for the wife for divorce. The court also affirmed the property settlement which had been outlined and provided that the matter of custody and support would be held in abeyance until a final report had been received from the friend of

the court. At that time, a decree could be presented for signature.

The report of the friend of the court was not filed for some time. Immediately upon receipt of the report, the attorney for the husband prepared a proposed decree which was submitted to the wife for approval. When she refused to approve it, a motion to settle terms of decree was filed. A substitution of counsel for the wife then took place and objections were made to the proposed decree, but after modification, it was approved and entered by the trial judge.

Appellant claims that there were irregularities in the procedure which void the decree. These are alleged to be violations of Michigan Court Rule No 51, § 4 (1945)[1], and the local court rule covering the same material. These claimed irregularities relate to *pro confesso* cases. This case was brought on for trial as can be seen from the following excerpt from the transcript.

*"The Court:* I think the record should indicate that, since you are the plaintiff, this case is called for trial. You are not presenting any testimony?

*"Miss Coy:* That is right. I so make the statement on the record."

It was also alleged that the local court rule was violated.[2] The rule itself states that such report is advisory only. Since the court did not enter the decree until after the report was filed, and then only after a hearing on the motion to settle the decree, appellant suffered no injury nor injustice.

---

[1] Michigan Court Rule No 51, § 4:

"No proofs in *pro confesso* cases shall be taken unless there has been deposited with the clerk of the court the amount of the lawful decree fee, and unless there has been tendered to the judge presiding at the hearing the proposed decree in the cause."

[2] 16th Judicial Circuit Court Rule No 14.14:

"Such case shall not be heard until a final report from the friend of the court is filed. * * * Such report is advisory only."

In view of the fact that this case was called for trial, and therefore was not *pro confesso,* it would have been hardly possible, and unnecessary, to present a decree to the court to comply with Court Rule No 51, § 4. Further, appellant was the moving party at the trial. She chose to put in her proofs on the cross-bill and take a decree of divorce. By her actions, she must be deemed to have waived the alleged irregularities in procedure.

Appellant also contends that the trial judge abused his discretion in entering the decree because the property settlement was not consented to on the record and the provisions were incomplete, vague and incapable of defining the rights of the parties. At the trial, appellant was examined by her counsel as follows:

"*Q.* You have accumulated certain and real property during the period of your marriage?

"*A.* Yes.

"*Q.* And, as you heard this morning, you entered into a property settlement with your husband?

"*A.* Yes.

"*Q.* You are fully cognizant of that settlement and are satisfied therewith?

"*A.* Yes."

Appellant unequivocally consented to the property settlement. Such property settlements are not only lawful but are to be commended. *Palmer* v. *Fagerlin,* 163 Mich 345. Appellant was represented by counsel throughout the proceedings. She stated she was cognizant of the settlement and satisfied with it. Its terms were plain and unambiguous. The law in Michigan is clear that decretal provisions for adjustment of property rights in a suit for divorce cannot be set aside, modified or altered in the absence of a showing of fraud, necessity for clarification, or ambiguity. *Greene* v. *Greene,* 357 Mich 196.

The decree of the trial court is affirmed. Costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAV-ANAGH, SOURIS, and O'HARA, JJ., concurred.