PUZZUOLI *v.* PUZZUOLI.

1. DIVORCE—JUDGMENT—CONSENT OF PARTIES.
> A judgment may not be entered by the consent of the parties in an absolute divorce, divorce from bed and board, separate maintenance, or annulment proceedings (GCR 1963, 728.2[2]).

2. SAME—EVIDENCE.
> The Court must be satisfied by proofs taken in open court that legal cause for the divorce exists before a divorce can be granted.

3. SAME—AGREEMENT OF PARTIES.
> Agreements of the parties to a divorce proceeding do not bind the court respecting the granting of a divorce.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 416.
[2] 24 Am Jur 2d, Divorce and Separation §§ 354, 355, 358, 376.
[3, 4] 24 Am Jur 2d, Divorce and Separation §§ 885, 889, 906.
[5, 8] 24 Am Jur 2d, Divorce and Separation §§ 779, 906.
[6] 24 Am Jur 2d, Divorce and Separation §§ 796, 805, 812, 844, 847.
[7] 24 Am Jur 2d, Divorce and Separation § 779.

4. SAME—AGREEMENT OF PARTIES—CUSTODY AND SUPPORT OF CHILDREN.

> The court is not bound by any agreement of the parties in awarding the custody of the children in a divorce proceeding, as the welfare of the children is paramount in determining matters of their custody and support, and not the claims and personal rights and desires of the parents, each case being determined upon its own facts.

5. SAME—CUSTODY OF CHILDREN—VARIANCE FROM AGREEMENT OF PARTIES—DISCRETION OF COURT.

> Defendant's contention that action of trial court in granting divorce and custody of children to plaintiff after hearing, at which defendant did not appear, contrary to an agreement of the parties for custody to defendant, without granting defendant a further opportunity to offer proofs and argument prior to entry of the default judgment, was an abuse of discretion *held*, untenable, where defendant had proper notice of the hearing and action was taken after proofs were in which established plaintiff's grounds for divorce, as the trial court was free to grant divorce and custody of minor children to plaintiff contrary to previous agreement of the parties.

6. SAME—JUDGMENT—MODIFICATION OF JUDGMENT—CUSTODY OF CHILDREN.

> A judgment in a divorce proceeding as to custody or support of minor children is final in the sense that all judgments are final and not subject to change, but is subject to modification for the welfare of the children at any future time during the minority of the children upon a showing of good cause (CL 1948, § 552.17).

7. SAME—CUSTODY OF MINOR CHILDREN—DISCRETION OF COURT.

> A very broad discretion is lodged in the circuit court in divorce proceedings in all important considerations affecting custody of minor children.

8. SAME—CUSTODY OF CHILDREN—DISCRETION OF COURT.

> Judgment of trial judge in divorce case, after hearing proofs of plaintiff which established her grounds for divorce, in awarding custody of minor children to plaintiff contrary to a written agreement of the parties *held*, proper, where the record does not show that the trial court has abused its discretion.

Appeal from Wayne; Bohn (Theodore R.), J. Submitted Division 1 March 10, 1966, at Detroit. (Docket No. 720.) Decided June 28, 1966.

Complaint for divorce by Jill Evelyn Eileen Puzzuoli against Julio Berto Puzzuoli. The parties stipulated to withdrawal of defendant's answer, and agreed to a default judgment, with custody of the children to go to defendant. On the hearing the trial court entered a default judgment of divorce for plaintiff and awarded custody of the children to plaintiff. Defendant appeals. Affirmed.

*Arthur M. Lang,* for plaintiff.

*Brang, Connolly & Wilmoth* (*Howard L. Philippart,* of counsel), for defendant.

LESINSKI, C. J. This suit was instituted by plaintiff wife for an absolute divorce. Defendant husband answered, contesting the grounds for divorce and the custody of the minor children.

At a hearing in the Wayne county circuit court to determine the temporary custody of the children, it was ordered that custody of the minor children should be reserved and the children should temporarily reside with their paternal grandmother. Thereafter, the friend of the court in its final report recommended that the defendant husband be awarded custody of the minor children. The parties thereupon stipulated for a withdrawal of defendant's answer and agreed to a default judgment being entered in accordance with a proposed property settlement agreement, recommended by the friend of the court, and custody of the children being granted to defendant.

On February 19, 1965, a signed stipulation and an order signed by the judge for the withdrawal of the answer were filed with the circuit court. Plaintiff on the same day presented her proofs for divorce. Plaintiff's attorney presented the memorandum agreement, which included a property settlement and an agreement to award the custody of the children to defendant, to the court for incorporation into the proposed default judgment. The court, on its own motion, refused to sign the proposed default judgment of divorce as submitted. The court, after the morning call, called the plaintiff into his chambers, and, after a prolonged discussion, determined that custody should be granted to plaintiff. The court then advised plaintiff and her attorney that he would enter a default judgment of divorce in favor of plaintiff. The attorney for the plaintiff informed the court that he felt defendant's attorney should be notified of the deviation from the proposed judgment. The court then telephoned defendant's attorney and expressed his intention not to accept the proposed judgment as submitted and to grant custody of the children to plaintiff. The defendant's attorney advised the court that such a judgment would be contrary to the agreement of the parties and requested an opportunity to be heard in court prior to the entry of any default judgment. This request was refused and the court signed a default judgment of divorce granting custody of the children to plaintiff. Defendant filed his motion to set aside the default judgment. The motion was denied and defendant timely processed this appeal.

There are two questions raised by this appeal:

1. Whether the trial court in a divorce suit is bound by an agreement between the parties respecting custody of the minor children, and

2. Whether the trial court abused its discretion in denying defendant an opportunity to argue the court's custody determination prior to the entry of the default judgment.

Defendant argues that if a consent judgment does not conform to the terms of the agreement made by the parties, the consent is vitiated, and the court should not enter a judgment contrary to the agreement of the parties and different from the provisions which were consented to. He concludes, therefore, that the trial court erred in entering a default judgment, which was contrary to the parties' agreement, granting custody of the children to plaintiff.

This contention is completely without merit. A judgment may not be entered by the consent of the parties in an absolute divorce, divorce from bed and board, separate maintenance, or annulment proceedings. GCR 1963, 728.2(2). See also *Herp* v. *Herp* (1931), 254 Mich 33. Before a divorce may be granted, the court must be satisfied by the proofs taken in open court that legal cause for the divorce exists. *Robinson* v. *Robinson* (1867), 16 Mich 79 (93 Am Dec 208).

It is frequently true that in divorce proceedings certain features of a judgment may be agreed to by the parties. However, these agreements do not bind the court respecting the granting of a divorce, unless approved by the court. Likewise, the court is not bound by any agreement of the parties in awarding the custody of the children. The welfare of the children of the parties to a divorce suit is paramount in determining matters of their custody and support, and not the claims and personal rights and desires of the parents. Each case must be determined on its particular facts. *Lewis* v. *Lewis* (1953), 338 Mich 197.

Defendant also contends that the trial court's action, in denying him an opportunity to appear in court and argue the court's custody determination prior to the entry of the default judgment, constituted an abuse of discretion by the trial court.

It is not claimed by the defendant, nor is it shown by the record, that defendant failed to receive notice of the hearing before the trial court on February 19, 1965. Proofs were taken on this date in open court which established plaintiff's grounds for divorce. Upon such proofs and a personal interview of plaintiff by the trial court in chambers respecting the custody of the children, the court was free to grant the divorce and custody of the minor children to plaintiff contrary to the previous agreement of the parties.

Defendant is not permanently foreclosed from raising the question of custody. In a divorce proceeding, a judgment as to the custody or support of minor children is final, in a general sense that all judgments are final and not subject to change, but they are in another sense interlocutory and subject to modification for the welfare of the children at any future time during the minority of the children upon a showing of good cause. *Griffin* v. *Griffin* (1908), 154 Mich 536; *Sweeney* v. *Sweeney* (1917), 196 Mich 240; *Carlson* v. *Carlson* (1926), 237 Mich 105; *Mason* v. *Mason* (1947), 317 Mich 95.

Upon filing a petition in the circuit court for the modification of the judgment respecting custody of the children and a showing warranting a change in the custody order, the custody question may be reconsidered. CL 1948, § 552.17 (Stat Ann 1957 Rev § 25.97).

Very broad discretion is lodged in the circuit court in all important considerations affecting custody of minor children. *Westgate* v. *Westgate* (1939),

291 Mich 18. This record does not show that the trial court has abused its discretion.

Judgment affirmed. Costs to appellee.

T. G. KAVANAGH, J., concurred.

The late Judge WATTS who was a member of the panel of judges to whom this case was submitted for determination took no part in this decision.