JONES v JONES

Docket No. 67835. Submitted November 9, 1983, at Grand Rapids.— Decided March 5, 1984.

Plaintiff, Martha M. Jones, was granted a divorce from defendant, Lawrence E. Jones, Kent Circuit Court, George R. Cook, J. During the trial the parties placed on the record an agreed settlement of all issues in the case. Later, plaintiff's counsel forwarded to defense counsel a proposed judgment which defense counsel rejected as not being in compliance with the agreed settlement, and plaintiff's counsel subsequently informed defense counsel that the trial court had instructed plaintiff's counsel to redraft the judgment in such a way as to cause the alterations from the agreed settlement. Subsequently, defense counsel filed motions to disqualify the trial judge and for entry of the defense's own proposed judgment. These motions were denied, and the court thereafter entered the judgment as drafted by plaintiff's counsel in accordance with the court's instructions. Defendant appealed, alleging that the court had no authority to enter a judgment which differed from the settlement as stated on the record and that the court erred in entering judgment before the motion for disqualification had been heard *de novo* pursuant to court rule. *Held:*

1. The trial court was not bound by the agreement of the parties and did have authority to enter a judgment different from that agreed to by the parties. The court erred, however, in entering a judgment in accordance with its own views as if it were the agreement of the parties, without taking proofs on the disputed issues or giving the defendant an opportunity to present testimony and cross-examine the plaintiff.

2. Under the circumstances of this case, the trial judge erred in entering the judgment prior to another judge's ruling on the disqualification motion.

Reversed and remanded.

1. DIVORCE — AGREEMENT OF PARTIES — COURT'S DISCRETION.
   The power to enter a divorce judgment rests with the court, and

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 840, 864.

the agreement of the parties or of counsel cannot divest the court of its broad discretion to divide the marital estate; the court need not accept a proposed property settlement simply because the parties have agreed to it.

2. DIVORCE — AGREEMENT OF PARTIES — REJECTION OF SETTLEMENT AGREEMENT.

A trial court, although it has the authority to reject the parties' proposed settlement of a divorce action, may not thereafter enter a judgment of divorce in accordance with its own views as if it were the agreed settlement of the parties; rather, the court must take testimony on the disputed issues, weigh the proofs, and render an opinion setting forth the pertinent conclusions of law and findings of fact (GCR 1963, 517.1).

*Frederick C. van Hartesveldt III,* for plaintiff.

*Kanter & Smith* (by *Cathy E. Radner*), for defendant.

Before: ALLEN, P.J., and R. M. MAHER and R. H. BELL,* JJ.

R. H. BELL, J. Defendant appeals as of right from various portions of the parties' judgment of divorce entered in the Kent County Circuit Court.

On September 9, 1982, after trial had commenced, the parties, through their attorneys, placed upon the record in open court an agreed settlement of all issues in this case, including the property division. Thereafter, on September 16, 1982, plaintiff's counsel forwarded a proposed judgment of divorce to defense counsel which was rejected as not being in compliance with the stated settlement.

By letter dated September 24, 1982, plaintiff's attorney informed defense counsel that she had met with the trial court and that it had instructed her to redraft the judgment of divorce in such a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

way as to cause several alterations from the parties' settlement. Defense counsel was unaware that a meeting had occurred between the trial court and plaintiff's attorney until it was already a *fait accompli.* The court purportedly told plaintiff's counsel that all judgments were the court's and "not that of the litigants' attorneys".

The parties agree that further negotiatons were thereafter undertaken, but proved unsuccessful in resolving the dispute. On October 15, 1982, defense counsel filed motions to disqualify the trial judge and for entry of judgment. Both motions were heard on October 22, 1982. The motion to disqualify was denied, and the court refused to enter defendant's proposed judgment of divorce but, rather, entered the judgment of divorce drafted by plaintiff's counsel in accord with the court's directions.

The judgment entered by the trial court differs from the terms of the settlement in several respects. The judgment of divorce provides that defendant's right to exclusive possession of the marital home is contingent upon, among other things, his assumption of periodic repairs, painting, redecorating, and maintenance of the home and that his right to possession of the home will terminate upon his remarriage. The stipulated settlement included no agreement concerning maintenance and did not provide that defendant's remarriage would terminate his right to live in the marital home. The judgment of divorce further provides that support for the parties' minor child will continue until she reaches the age of 18 or until her graduation from high school, whichever occurs later. The parties' settlement as specified orally on the record, however, included no provision for the continuation of child support beyond the minor's

eighteenth birthday. Finally, the judgment of divorce provides that defendant can claim the parties' child as a dependent on his tax returns, but only if defendant has fully paid and satisfied all support obligations established by the judgment of divorce prior to the end of each calendar year. The stipulated settlement contained no conditions on defendant's right to claim the parties' child as a dependent.

Defendant first argues that the trial court had no authority to enter a judgment which differed from the settlement as stated on the record. We agree that the trial court erred by incorporating terms in the judgment of divorce which were not agreed to by the parties. The basis of our decision, however, is not that the trial court was without discretion to do anything other than accept the parties' settlement but, rather, that it was without authority to alter the parties' agreement absent the taking of testimony on the disputed issues, weighing the proofs, and rendering an opinion setting forth pertinent conclusions of law and findings of fact. GCR 1963, 517.1.

Property settlements in divorce cases are both lawful and to be commended. *Buzynski v Buzynski*, 369 Mich 129, 132; 119 NW2d 591 (1963). However, this is not to say that because the parties to a divorce action have agreed to a property settlement and proposed it to the court that the court must accept it. In essence, we concur with the trial court's view that the power to enter a divorce judgment rests with the court, and the parties' or counsels' agreement cannot divest the court of its broad discretion to divide the marital estate upon the dissolution of the marriage.

Although specifically considering the parties' agreement regarding child custody, this Court said

in *Puzzuoli v Puzzuoli,* 3 Mich App 594, 598; 143 NW2d 162 (1966):

"It is frequently true that in divorce proceedings certain features of a judgment may be agreed to by the parties. However, these agreements do not bind the court respecting the granting of a divorce, unless approved by the court."

Similarly, in *Bowman v Coleman,* 356 Mich 390, 392-393; 97 NW2d 118 (1959), which did not involve a divorce action, the Court said in dictum:

"It is self-evident, particularly as relates to custody and alimony matters in divorce cases and others of a similar character involving considerations beyond the mere rights of the parties, that they do not have the power to control by agreement but determination must rest in the discretion of the court."

See, also, 83 CJS, Stipulations, § 17, pp 38-39.

The view that a parties' proposed settlement of a divorce action binds the court ignores the important interest of the state in ensuring the equitable distribution of the marital assets on the marriage's dissolution and, in this and other similar cases, the interest of the state in ensuring the adequate care of a minor child. These are interests which can only be fully protected by allowing the court's active participation in fashioning an appropriate judgment. While in the great majority of cases the parties' agreement will be confirmed by the court, this is not invariably true.

The decisions relied upon by plaintiff, *e.g., Tinkle v Tinkle,* 106 Mich App 423; 308 NW2d 241 (1981), which stand for the proposition that a settlement of a divorce action shall not be disturbed in the absence of fraud, duress or mutual mistake, differ from this case in one crucial re-

spect. Here, it was the trial court which refused to confirm the parties' proposed settlement, while in each of the cases cited by plaintiff one of the parties was attempting to alter the agreed-to settlement. The holdings of *Tinkle* and similar decisions impose substantial limitations on the ability of parties to renege on their agreements; we do not read these decisions as infringing on a court's discretion to refuse to confirm a proposed settlement. Here, the trial court did not formally approve the proposed settlement at the time it was placed on the record, and it later decided that it could not enter a judgment of divorce in strict conformity with the parties' agreement because of perceived inadequacies in the settlement.

Although the trial court has the authority to reject the parties' proposed settlement of a divorce action, if it disagrees with some portion of the settlement, it may not enter a judgment of divorce, as it did here, in accordance with its views as if this were the agreed settlement of the parties. In this case, prior to the parties' proposed settlement's being placed on the record, only plaintiff had given testimony, and she had not yet been subject to cross-examination. When the trial court concluded that it could not enter a judgment in accordance with the proposed settlement, defendant had to be given the opportunity to present his case and to cross-examine plaintiff and her witnesses. Further evidence might have caused the trial court to reconsider the alterations he believed were necessary to make the proposed settlement equitable. In any case, the trial court here either based its alterations to the parties' settlement on the testimony of plaintiff only or made these alterations without regard to the proofs. A judgment fashioned in either manner cannot be upheld if timely challenged.

Defendant also argues that after the trial court denied his motion for disqualification it erred in entering judgment before the motion was considered *de novo* pursuant to GCR 1963, 912.3(c). Plaintiff responds that defendant's motion for disqualification was untimely. On the facts of this case, assuming, *arguendo,* that the motion was not timely filed, we nonetheless believe that the trial court should have referred the disqualification motion to another judge for a *de novo* decision prior to resolving the critical dispute remaining in the case. While in some circumstances it might not be improper for the trial court to continue with the proceedings prior to another judge's ruling on the disqualification motion, this was not such a case. Defendant's motion, even if deemed untimely, was not overly late. Moreover, the motion was not obviously frivolous, and nothing appears on the record which suggests that delaying entry of the judgment of divorce would have caused either the court or the parties any substantial inconvenience. On remand, prior to further proceedings on the merits of this case, defendant's motion for disqualification shall be handled in accordance with GCR 1963, 912.3(c)(1).

Reversed and remanded for proceedings consistent with this opinion.